## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| CARETOLIVE, ) | |
| a not-for-profit corp., ) | |
| ) | Civil No. 2:08-CV-00005 |
| Plaintiff, ) | |
| ) | JUDGE FROST |
| v. ) | |
| ) | MAGISTRATE JUDGE KING |
| U.S. FOOD and DRUG ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO CONDUCT DISCOVERY UNDER CIVIL RULE 56(F) AND DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT**

Defendant, the United States Food and Drug Administration, submits this brief in opposition to Plaintiff's Motion to Conduct Discovery Under Federal Rule of Civil Procedure 56(f) and in reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment. Plaintiff is not entitled to discovery, as it does not provide any factual support for its allegations that FDA acted in bad faith in responding to its request under the Freedom of Information Act ("FOIA"). In addition, Plaintiff's failure to provide any evidence to rebut the Defendant's detailed declarations describing the agency's thorough searches for documents responsive to Plaintiff's FOIA request warrants granting Defendant's Motion for Summary Judgment. Thus, Plaintiff's Motion to Conduct Discovery should be denied, and Defendant's Motion for Summary Judgment should be granted.

I.      **Plaintiff Is Not Entitled To Conduct Discovery.**

    A.      **To Justify Discovery In FOIA Summary Judgment Cases, A Plaintiff Must Allege Specific Facts Showing That The Agency Acted In Bad Faith.**

To forestall a motion for summary judgment by requesting the opportunity to conduct discovery under Federal Rule of Civil Procedure 56(f), the party making the request must "file an affidavit or motion explaining what material facts [the party] hopes to uncover by the requested discovery." See Cardinal v. Metrish, 564 F.3d 794, 797-8 (6th Cir. 2009); see also Taylor Acquisitions v. City of Taylor, 2009 WL 415993 at *8 (6th Cir. Feb. 19, 2009) (finding that an affidavit that "contains only general and conclusory statements or lacks any detail or specificity is insufficient under Rule 56(f)").

In FOIA cases, courts generally do not permit discovery and routinely enter summary judgment where the defendant agency has shown that it conducted a reasonable search and that all responsive documents have been produced. See e.g., Rugiero v. United States Dep't of Justice, 257 F.3d 534, 544 (6th Cir. 2001) ("Procedurally, district courts typically dispose of FOIA cases on summary judgment before a plaintiff can conduct discovery."); see also GMRI, Inc. v. Equal Employment Opportunity Comm'n, 149 F.3d 449, 451 (6th Cir. 1998) (upholding grant of summary judgment where agency had turned over all records responsive to plaintiff's request). Thus, to justify discovery in a FOIA case where the defending agency has moved for summary judgment and submitted detailed declarations to show that it conducted a reasonable search that led to the production of all responsive documents, the plaintiff must make "a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations." See Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2nd Cir. 1994). The plaintiff must provide, in its Rule 56(f) affidavit, factual support for its claim of agency

2

wrongdoing.  See id.  "In particular, discovery is not to be granted when it is 'sought for the bare hope of falling upon something'" that might rebut an agency's affidavits.  See Dinsio v. Federal Bureau of Investigation, No. 05-CV-6169L, 2007 WL 2362252 at *2 (W.D.N.Y. Aug. 16, 2007) (quoting Citizens for Responsibility and Ethics in Washington v. United States .S. Dep't of Justice, No. CIV 05-2078, 2006 WL 1518964, at *3 (D.D.C. June 1, 2006).  Moreover, "conclusory allegations that other, undisclosed records 'must' exist somewhere, that they are within defendants' control, and that defendants must have therefore conducted an inadequate search, or that they are deliberately concealing the records" are insufficient to show bad faith on the part of the agency.  Id.

> **B.      Plaintiff Does Not Provide Factual Support For Its Allegations of Bad Faith On The Part of FDA.**

In support of FDA's Motion for Summary Judgment, supervisors from three agency FOIA divisions submitted declarations detailing the agency's search for documents responsive to Plaintiff's FOIA request.  Dr. Richard Pazdur, an FDA employee that Plaintiff had previously speculated possessed responsive documents, also submitted a declaration explaining why he did not produce any documents responsive to Plaintiff's request.  In its response to these factual declarations, Plaintiff does not set forth any evidence to support its claim that FDA acted in bad faith in conducting its search, in either its Rule 56(f) affidavit or its memorandum in support of its request for discovery.  Indeed, Plaintiff's request for discovery is made up entirely of "conclusory, oblique allegations and rank speculation that records concerning [it] *must* exist," and should therefore be denied.  See Anderson v. United States Dep't of Justice, No. 05-CV-2248, 2007 WL 952038 at * 9 (E.D.N.Y. Mar. 28, 2007).

The affidavit submitted by Plaintiff in support of its Rule 56(f) motion is inadequate on

3

its face.  See Motion For Leave to Conduct/Complete Discovery Under Rule 56(f) and Partial Memorandum Contra to Defendant FDA's Motion for Summary Judgment (Doc. 34) at p. 21.  It is one paragraph long, and states only that Plaintiff is "unable by affidavit to provide proof to this Court of the existence of the requested FOIA correspondence on the computer of FDA employee Richard Pazdur at this time without the relief and/or discovery requested herein."  Id. It does not set forth any factual basis for the implication, found in the referenced "Request for Relief," that FDA acted in bad faith by failing to hire an IT expert to examine Richard Pazdur's computer.  See id. at pp. 21–22.  Plaintiff's affidavit is insufficient to impugn FDA's detailed declarations describing the searches conducted for documents responsive to Plaintiff's FOIA request.  See Carney, 19 F.3d at 812.  As Rule 56(f) requires a party opposing a summary judgment motion to "show *by affidavit*" that discovery is necessary to learn material facts, Plaintiff's inadequate affidavit alone is sufficient grounds for denying Plaintiff's request. (emphasis added).

Although Plaintiff may argue that it has provided the justification for its discovery request within its Memorandum, it ignores the declarations submitted by FOIA supervisors detailing the agency's search, and instead focuses on discrediting the declaration submitted by Dr. Richard Pazdur.  See Plaintiff's Memorandum (Doc. 34) at pp. 6–11.  Moreover, claims made in a memorandum do not comply with Rule 56(f).

In his declaration in support of FDA's Motion for Summary Judgment, Dr. Pazdur states that he "recall[s] receiving both hard and electronic copies" of letters from Drs. Maha Hussain and Howard Scher that were responsive to Plaintiff's FOIA request and that had already been produced to Plaintiff.  See Exhibit D to Memorandum in Support of Defendant's Motion for

4

Summary Judgment, Declaration of Dr. Richard Pazdur ("Pazdur Decl.") (Doc. 29-4) at ¶ 7; see also Exhibit B to Memorandum in Support of Defendant's Motion for Summary Judgment, Declaration of Beth Brockner-Ryan, Attachment 2 (Doc. 29-2). Dr. Pazdur also recalls shredding the hard copies and deleting the electronic copies of these documents within a month of receiving them in April 2007. See Pazdur Decl. at ¶ 7.

Without any factual support, Plaintiff claims that Dr. Pazdur's statements are untrue. Indeed, Plaintiff asserts, numerous times throughout its Memorandum, that Dr. Pazdur "would or should have" acted in a particular manner that supports Plaintiff's baseless conspiracy theory. According to Plaintiff, "there would have had to have been" additional correspondence—other than the letters referenced in Dr. Pazdur's declaration—between Dr. Pazdur and Drs. Hussain and Scher as they served together on the same Advisory Committee. See Plaintiff's Memorandum (Doc. 34) at p. 7. Also, "it would make sense that" that there was additional correspondence between them when, in Plaintiff's view, Dr. Pazdur was a "leader of the opposition" against the approval of Provenge. See id. Moreover, according to Plaintiff, Dr. Pazdur is lying about the approximate date that he deleted and shredded the responsive letters because he "would or should have" known in early April 2007 that these letters were generating, at least in Plaintiff's view, "worldwide" controversy among cancer patients and advocates, and, Plaintiff implies, were likely to be the subject of litigation. See id. at p. 9. Simply put, Plaintiff's feeling that it "would make sense" that there was additional correspondence, and its opinion about what an agency's employee's view of the relative importance of documents "should have been," are not evidence that a government employee has lied under oath, and in no way justify discovery in this matter. See id. at pp. 7, 9.

5

Furthermore, as Plaintiff has not presented a single fact to support its claim that Dr. Pazdur had "additional correspondence" other than the letters that Dr. Pazdur discusses in his declaration, Plaintiff's assertion that FDA should have hired an IT expert to search Dr. Pazdur's computer and the agency's e-mail server is absurd. See Plaintiff's Memorandum (Doc. 34) at pp. 9–10.  FDA is required only to conduct a "reasonable search" and need not "search the ends of the earth for the requested documents."  See Comer v. Internal Revenue Service, No. 97-cv-76329, 2002 WL 1058056 at *1 (E.D. Mich. Mar. 8, 2002).  It would be unreasonable to expect FDA to spend the time and expense involved in having an IT expert recover, if it is even possible, duplicates of responsive documents that had already been produced to Plaintiff.  Accordingly, as Plaintiff has presented no evidence that discovery would reveal that the agency's search for documents responsive to its FOIA was unreasonable, Plaintiff's request for discovery under Rule 56(f) should be denied.

## II.   Defendant's Motion For Summary Judgment Should Be Granted Because Plaintiff Has Not Shown That There Is A Genuine Issue of Material Fact.

Even in the context of a request for discovery, Plaintiff's "failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion."  See Everson v. Leis, 556 F.3d 484, 496 (6th Cir. 2009); see also Dinsio, 2007 WL 2362252 at *3 (finding that plaintiff's failure to provide factual evidence in FOIA case in support of request for discovery to show agency bad faith entitled defendant to summary judgment).  In FDA's Motion for Summary Judgment, the agency "establish[ed]the adequacy of its search," by "rel[ying] on affidavits or declarations that provide[d] reasonable detail of the scope of the search."  See Rugiero, 257 F.3d at 547.  As described in the declarations of three supervisors, both the Division of the Freedom of Information ("DFOI") and the FOIA offices

6

located in the Center for Drug Evaluation and Research ("CDER") and the Center for Biologics Evaluation and Research ("CBER") strictly followed detailed procedures in processing Plaintiff's request, and forwarded the request to every office that would likely have a copy of the requested correspondence. See Exhibits A-C to Memorandum in Support of Defendant's Motion for Summary Judgment (Docs. 29-1, 29-2, and 29-3). As FOIA only requires an agency to search the offices that are likely to have responsive documents, FDA has met its burden under FOIA. See Marks v. United States Dep't of Justice, 622 F.Supp. 261, 263 (9th Cir. 1978).

By contrast, Plaintiff does not present any evidence or legal argument in its Memorandum to show that FDA did not conduct a reasonable search for documents responsive to its FOIA request, or that all responsive documents have not been produced. Indeed, other than the baseless allegations about the veracity of Dr. Pazdur's declaration and the claims that FDA should have hired an IT expert to retrieve the deleted responsive (and already produced) documents from Dr. Pazdur's computer, Plaintiff's Memorandum does not address the reasonableness of FDA's search for responsive documents detailed in the government's declarations.[1] In fact, the majority of Plaintiff's Memorandum consists of the irrelevant discussion of the history of the Provenge approval process, the FDA's response to Plaintiff's

---

[1] Although not related to the reasonableness of the search, Plaintiff claims that the CDER search for responsive documents was not "complex" and should not have taken twenty months because the search yielded only one responsive document. See Plaintiff's Memorandum (Doc. 34) at pp. 5-6. However, as Nancy Sager explained in detail in her Declaration in Support of Defendant's Motion to Stay Proceedings, any FOIA request that seeks documents that must be reviewed and possibly redacted is placed in the "Complex Track" queue. See Exhibit B to Defendant's Motion to Stay Proceedings (Doc. 10) at ¶ 11. Thus, a FOIA request need not consist of hard-to-find or large quantities of documents to fall into the Complex Track and to be processed only when it rises to the top of that Track's queue. Id. at ¶ 29. In the case of Plaintiff's request, it simply was not scheduled to rise to the top of the Complex Track queue until October 2009, and it had to be pulled from the queue in order to comply with the Court's May 22, 2008 order. See Supplemental Declaration of Nancy Sager (Doc. 25) at ¶¶ 6-7.

Citizen Petition, and baseless, speculative assertions of government wrongdoing.  See Plaintiff's Memorandum (Doc. 34) at pp. 11-19.

A requester cannot rebut agency affidavits regarding the adequacy of an agency's search with purely speculative claims, as Plaintiff is attempting here.  SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 2000 (D.C. Cir. 1991).  Thus, Plaintiff should not only be denied discovery, but FDA's summary judgment motion should be granted.  See Carney, 19 F.3d at 812 (stating that when a Plaintiff has failed show the necessity of discovery by providing evidence to rebut government declarations regarding the reasonableness of a search under FOIA, the "court may forgo discovery and award summary judgment on the basis of the [government's] affidavits").

### III.  Conclusion

For all of the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion to Conduct Discovery pursuant to Rule 56(f), and grant the Defendant's Motion for Summary Judgment.

                              Respectfully submitted,

                              GREGORY G. LOCKHART
                              United States Attorney

                              s/John J. Stark
                              JOHN J. STARK (0076231)
                              Assistant United States Attorney
                              303 Marconi Blvd., Suite 200
                              Columbus, Ohio 43215
                              Tel:  (614) 469-5715
                              Fax: (614) 469-5240
                              e-Mail: john.stark@usdoj.gov

OF COUNSEL:

DAVID S. CADE
Acting General Counsel

MICHAEL M. LANDA
Acting Chief Counsel
Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel,
Litigation

TARA BOLAND
Associate Chief Counsel
U.S. Department of Health & Human Services
Office of the General Counsel
5600 Fishers Lane, GCF-1
Rockville, MD  20857

## **CERTIFICATE OF SERVICE**

I certify that on June 12, 2009, I electronically filed the foregoing Memorandum in Opposition to Plaintiff's Motion to Conduct Discovery and Defendant's Reply to Plaintiff's Opposition to the Motion for Summary Judgment with the Clerk of the Court using the CM/ECF filing system, which will send notification to Kerry M. Donahue.

                                                     s/John J. Stark
                                                     John J. Stark
                                                     Assistant United States Attorney